DAVID S. STEUER, State Bar No. 127059
ANTHONY J WEIBELL, State Bar No. 238850
SARA L. TOLBERT, Cal. Bar No. 300945
CURTIS S. KOWALK, State Bar No. 324770
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: aweibell@wsgr.com; dsteuer@wsgr.com;
       stolbert@wsgr.com; ckowalk@wsgr.com

VICTOR JIH, State Bar No. 186515
RYAN S. BENYAMIN, State Bar No. 322594
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: vjih@wsgr.com; rbenyamin@wsgr.com

*Attorneys for all Defendants*

[counsel for plaintiffs listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TIKTOK, INC. PRIVACY LITIGATION | CASE NO.: 5:19-cv-07792-LHK<br><br>**STIPULATED REQUEST AND [PROPOSED] ORDER TO CONSOLIDATE CASES**<br><br>Judge: Hon. Lucy H. Koh |
| MISTY HONG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BYTEDANCE, INC., et al.,<br><br>　　　　Defendants. | CASE NO.: 5:19-cv-07792-LHK |

| | |
|---|---|
| P. S., et al., | CASE NO. 20-CV-02992 |
|       Plaintiffs, | |
|   v. | |
| TIKTOK, INC., et al., | |
|       Defendants. | |
| D.M., et al., | CASE NO. 20-CV-03185 |
|       Plaintiffs, | |
|   v. | |
| TIKTOK, INC., et al., | |
|       Defendants. | |
| R. S., et al., | CASE NO. 20-CV-03212 |
|       Plaintiffs, | |
|   v. | |
| TIKTOK, INC., et al., | |
|       Defendants. | |
| S.A., et al., | CASE NO. 20-CV-03294 |
|       Plaintiffs, | |
|   v. | |
| TIKTOK, INC., et al., | |
|       Defendants. | |

Pursuant to Fed. R. Civ. P. 42(a), all parties ("the Parties") to the above-captioned civil actions, through their undersigned counsel, hereby stipulate to the consolidation of these and other related actions as follows:

WHEREAS, there are presently at least thirteen factually-related consumer privacy class actions against defendant TikTok, Inc. and some of its corporate affiliates (collectively "Defendants") pending in at least four different federal jurisdictions, including the first-filed action, which is pending before this Court (No. 5:19-cv-07792-LHK);

WHEREAS, Plaintiffs in the first-filed action filed an administrative motion to relate the second-filed case on May 12, 2020 [ECF No. 38], which the Court granted in an order issued on May 19, 2020 [ECF No. 43] ("Consolidation Order"), relating and consolidating the following cases as *In re TikTok, Inc. Privacy Litigation*, No. 19-CV-07792-LHK:

- *Hong, et al. v. ByteDance, Inc., et al.*, Case No. 19-CV-07792,
- *P. S., et al. v. TikTok, Inc., et al.*, Case No. 20-CV-02992,
- *D.M., et al. v. TikTok, Inc., et al.*, Case No. 20-CV-03185;

WHEREAS, on May 15, 2020, one of the plaintiffs in a later-filed related case pending in a different jurisdiction filed a motion to centralize all of these related cases with the United States Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407, with responses to the motion due June 9, 2020, *see* MDL No. 2948;

WHEREAS, in this District, *R.S. v. Tiktok, Inc.*, No. 20-CV-03212, is now the subject of an administrative motion to relate cases [ECF No. 44], and counsel in all cases believe that *S.A. v. TikTok, Inc.*, No. 20-CV-03294 also meets the criteria for relation and consolidation (all, collectively with the previously consolidated actions, the "N.D. Cal. Related Actions");

WHEREAS, on May 19, 2020, the Consolidation Order set Tuesday, June 30, 2020 as the deadline to file motions for appointment as interim lead plaintiffs' counsel ("Lead Counsel"), limiting the motions to 10 pages, setting the deadline to file oppositions not to exceed 3 pages as Monday, July 6, 2020, setting the deadline to file any replies not to exceed 2 pages as Friday, July 10, 2020, and setting the hearing on these motions for July 23, 2020, at 1:30 p.m. (*see* ECF No. 43);

WHEREAS, the Parties anticipate that some or all of the related cases not currently pending in this District and future "tag-along" actions may be transferred to this District by stipulation or order;

WHEREAS, the N.D. Cal. Related Actions each allege the collection by Defendants of biometric identifiers from users of the TikTok mobile app without required disclosures and consent and are thus "related cases" within the meaning of Civil L.R. 3-12 because they concern substantially the same parties, property, transaction or event; and it appears likely that there will

be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges;

WHEREAS, consolidation under Fed. R. Civ. P. 42(a) of the remainder of the N.D. Cal. Related Actions and any future related cases will eliminate duplicative discovery, prevent inconsistent rulings, including with respect to class certification, and conserve the resources of the parties, their counsel, and the judiciary;

WHEREAS, a schedule is needed for the filing of an amended consolidated complaint and Defendants' response thereto.

THEREFORE, IT IS STIPULATED AND AGREED by the Parties, through their respective counsel of record, subject to approval by the Court, as follows:

**A.    CONSOLIDATION OF ACTIONS**

1. The N.D. Cal. Related Actions listed above currently pending in this District that are not already assigned to this Court are hereby reassigned to this Court and consolidated into Civil Action No. 5:19-cv-07792-LHK for all purposes, including pretrial proceedings, trial and appeal.

2. Each document filed by a party to this litigation shall bear the following caption: *In re TikTok, Inc. Privacy Litigation*, Case No. 19-CV-07792-LHK. All filings must only be made in the consolidated case.

3. All other Related Actions or "related cases" within the meaning of Civil L.R. 3-12 that are now pending, subsequently filed in, or transferred to, this District shall be consolidated into this action for all purposes except as provided herein. When a case which properly belongs as part of the *In re TikTok, Inc. Privacy Litigation* is filed in this Court or transferred to this Court from another court, and only after counsel call to the attention of the Court and the Clerk the filing or transfer of any such case that might be properly consolidated with this Consolidated Action, the clerk of this Court shall make an appropriate entry in the consolidated docket. Counsel for Defendants shall promptly serve a copy of this Order on counsel for plaintiffs in each subsequently filed or transferred related action.  Promptly thereafter, upon notice to counsel for the parties in each such action, counsel for Defendants shall submit to the Court a proposed

order consolidating any such action with *In re TikTok, Inc. Privacy Litigation*, Case No. 19-CV-07792-LHK. Unless a party in such newly-filed or transferred action objects to consolidation within ten (10) days after the date upon which a copy of this Order is served on counsel for such party by filing an application for relief and this Court deems it appropriate to grant such application, each new case that arises out of the subject matter of this action which is filed in this Court or transferred to this Court, shall be consolidated with this action and this Order shall apply thereto.

    4.    This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

**B.     CONSOLIDATED COMPLAINT AND RESPONSE THERETO**

    5.    Within 21 days after the Court has appointed Lead Counsel, Lead Counsel shall file and serve a single Consolidated Amended Complaint that will supersede all existing complaints filed in the consolidated actions and any action subsequently consolidated with this action.

    6.    Defendants need only respond to the Consolidated Amended Complaint and any amendments thereto and need not respond to any other complaint filed in any action consolidated by this Order. Defendants' response to the Consolidated Amended Complaint, including any motions to compel arbitration, shall be filed within 28 days after the filing of the Consolidated Amended Complaint.

    7.    Any opposition to a motion filed in response to the Consolidated Amended Complaint shall be filed within 35 days after the filing of the motion. And any reply thereto shall be filed within 21 days thereafter.

IT IS SO STIPULATED.

Dated: May 21, 2020

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  /s/ Anthony Weibell

Attorneys for Defendants
TIKTOK, INC., BYTEDANCE, INC., BEIJING BYTEDANCE TECHNOLOGY CO. LTD, AND MUSICAL.LY

**CASE NO. 5:19-cv-07792-LHK**
**(Hong v. Bytedance, Inc., et al.)**

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LICENBERG & RHOW, P.C.

By:  /s/ Ekwan E. Rhow

GLANCY PRONGAY & MURRAY LLP

By:  /s/ Kara M. Wolke

Attorneys for Plaintiffs Misty Hong, minor A.S., through her mother and legal guardian Laurel Slothower, and minor A.R., through her mother and legal guardian Gilda Avila

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP

By:  /s/ David M. Given

Attorneys for Plaintiffs Meghan Smith, minors C.W. and I.W., through their mother and legal guardian Mikhaila Woodall, and minor R.P., through her mother and legal guardian Lynn Pavalon

**CASE NO. 20-CV-02992**
**(P.S., et al. v. TikTok, Inc., et al.)**

By:  /s/ Megan E. Jones

Attorneys for Plaintiffs (1) P.S., a minor, by and through her Guardian, Cherise Slate, and (2) M.T.W., a minor, by and through her Guardian, Brenda Washington

**CASE NO. 20-CV-03185**
**(D.M., et al. v. TikTok, Inc., et al.)**

By:  /s/ Adam E. Polk

Attorneys for Plaintiffs (1) D.M and (2) A.M., minors, by and through their guardian Porchia Heidelberg, (3) A.O, a minor, by and through his guardian Jasmin Beverley, and (4) M.P., a minor, by and through her guardian Requeenis Gilder

**CASE NO. 20-CV-03212**
**(R.S., et al. v. TikTok, Inc., et al.)**

By: ___/s/ *Lesley E. Weaver*___

Attorneys for Plaintiffs (1) R.S. and (2) J.S., through their guardian

**CASE NO. 20-CV-03294**
**(S.A., et al. v. TikTok, Inc., et al.)**

By: ___/s/ *Theodore W. Maya*___

Attorneys for Plaintiffs S.A., a minor, by and through his mother and guardian, Maritza A.

---

### [PROPOSED] ORDER

Pursuant to the foregoing stipulation, **IT IS SO ORDERED.**

Dated: _____     _____
                                  Honorable Lucy H. Koh
                                  United States District Court Judge

**ECF ATTESTATION**

I, Anthony J Weibell, am the ECF User whose identification and password are being used to file this document and attest that all signatories hereto have concurred in this filing.

Dated: May 21, 2020

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   /s/ Anthony Weibell