| | |
|---|---|
| Ekwan E. Rhow - State Bar No. 174604<br>Dorothy Wolpert - State Bar No. 73213<br>Thomas R. Freeman - State Bar No. 135392<br>Marc E. Masters - State Bar No. 208375<br>**BIRD, MARELLA, BOXER, WOLPERT,**<br>**NESSIM, DROOKS, LINCENBERG**<br>**& RHOW, P.C.**<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067-2561<br>Telephone: (310) 201-2100<br>Email: mmasters@birdmarella.com | Kara M. Wolke – State Bar No. 241521<br>Marc L. Godino – State Bar No. 182689<br>Jonathan M. Rotter – State Bar No. 234137<br>Pavithra Rajesh – State Bar No. 323055<br>**GLANCY PRONGAY & MURRAY LLP**<br>1925 Century Park East, Suite 2100<br>Los Angeles, California 90067-2561<br>Telephone: (310) 201-9150<br>Email: info@glancylaw.com |
| David M. Given – State Bar No. 142375<br>Nicholas A. Carlin – State Bar No. 112532<br>Brian S. Conlon – State Bar No. 303456<br>**PHILLIPS, ERLEWINE, GIVEN**<br>**& CARLIN LLP**<br>39 Mesa Street, Suite 201, The Presidio<br>San Francisco, CA 94129<br>Telephone: (415) 398-0900<br>Email: dmg@phillaw.com | Megan E. Jones – State Bar No. 296274<br>Seth R. Gassman – State Bar No. 311702<br>**HAUSFELD LLP**<br>600 Montgomery Street, Suite 3200<br>San Francisco, CA 94111<br>Telephone: (415) 633-1908<br>Email: mjones@hausfeld.com |

Korey A. Nelson
Amanda K. Klevorn
Patrick Murphree
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, Louisiana 70115
Telephone: (504) 779-2845
Email: aklevorn@burnscharest.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| IN RE TIKTOK, INC. PRIVACY LITIGATION | CASE NO. 5:19-cv-07792-LHK<br><br>Hon. Lucy H. Koh<br><br>[Consolidated with 5:20-cv-02992; 5:20-cv-03185; 5:20-cv-03212; 5:20-cv-03294; 5:20-cv-03390; 4:20-cv-03555; 3:20-cv-03795]<br><br>**THE HONG/P.S. GROUP PLAINTIFFS' OPPOSITION TO THE OTHER PLAINTIFFS' RULE 23(g) MOTIONS**<br><br>Date: July 23, 2020<br>Time: 1:30 p.m.<br>Ctrm: 8 |

3658729.1

### I. THE HONG/P.S. GROUP BEST SATISFIES RULE 23(g).

Although all the applicants are experienced and talented, and we are not opposed to working with them within our proposed leadership structure, we respectfully submit that the Hong/P.S. Group's proposal best addresses the particular needs and challenges of this case. The Hong/P.S. Group offers the right combination of work, experience, knowledge, resources, diversity and collaboration for the successful prosecution of a case of this scope and seriousness.

First, our *work* identifying, investigating and litigating the claims is marked by several factors distinguishing the Hong/P.S. Group, including: (1) a passionate commitment since early 2019 to develop the case factually and legally, including the use of technical and other experts as well as investigative teams on the ground in California and China; (2) a broader focus on activities not just in the United States but also in China, and the targeting of not only the California-based defendants but also the China-based defendants driving the misconduct and possessing the financial ability to make the class whole; (3) a wide range of privacy claims to protect a nationwide class, a California subclass and an Illinois subclass with no age restrictions, rather than focusing exclusively on minors in Illinois and BIPA statutory damages; and (4) the first-filed BIPA claims that do not rely narrowly on *one feature* of the TikTok app but instead on *a broad array of technical allegations* based upon significant research and investigation. Comparing the 89-page amended *Hong* complaint with the others reveals the stark difference in work performed.

Second, our combination of *experience*, *knowledge*, and *resources* also sets the Hong/P.S Group apart with: (1) award-winning trial lawyers with plaintiff-side class action trial experience; (2) lawyers accustomed to prosecuting and defending high-stakes class actions; (3) lawyers with significant experience and knowledge relating to China and Asia, including Chinese-language skills; (4) lawyers who are familiar with and have litigated technical issues like patents and source code; (5) lawyers with significant prior involvement in data privacy litigation; and (6) law firms with the financial and human resources to litigate this case.

Coupled with our *diversity* and inter-firm *cooperation*, as well as our commitment to maintaining an *efficient* team that will avoid duplicative work and unnecessary expense, we respectfully submit that the Hong/P.S. Group best satisfies the Rule 23(g) criteria.

## II. THE *HONG* CLAIMS ARE RELATED AND NOT SUBJECT TO SEVERANCE.

Some applicants suggest the BIPA claim should be severed from *Hong*, and separate BIPA counsel should be appointed, because (1) the BIPA claim is "unrelated" to the other *Hong* claims and (2) the *Hong* classes are "unrelated" to one another. This contention is flawed.

Each of the nine causes of action in the amended *Hong* complaint is based on defendants' secret, nonconsensual taking of TikTok users' face geometry scans and voiceprints. These facts are just as relevant to the statutory claims under the Computer Fraud and Abuse Act and the Unfair Competition Law, and to the common law claims like intrusion upon seclusion, as they are to the BIPA claim. Adjudication of whether defendants improperly took face geometry scans and voiceprints is essential to establishing liability for *all* claims in the amended *Hong* complaint, *including but not limited to* the BIPA claim that is common to all the actions. To argue the other *Hong* claims are "unrelated" to the BIPA claim despite this clear factual overlap is simply wrong.

Nor is the suggestion that the BIPA claim should be severed from *Hong* tenable – particularly where *Hong* is the lone action to assert a BIPA claim against the China-based defendants. There is no legal basis for Federal Rule of Civil Procedure 21 severance of these claims because: (1) the claims "arise out of the same transaction or occurrence" (*i.e.*, the unlawful taking of user face geometry scans and voiceprints); (2) the claims "present some common questions of law or fact" (*i.e.*, whether such unlawful taking occurred); (3) the same witnesses and other evidence are required to establish all the claims (*e.g.*, evidence in the form of TikTok software engineers here and in China; TikTok app source code; China-based AI engineers who apply facial recognition technology to user videos in China; China-based patent applications; etc.); (4) judicial economy is facilitated by combining the claims in one case, whereas separately adjudicating such claims would waste judicial resources and risk inconsistent outcomes; and (5) no prejudice arises from combining the claims here. *See, e.g., AntiCancer, Inc. v. Pfizer, Inc.*, 2012 WL 1019796, at *1 (S.D. Cal. Mar. 26, 2012) (listing Rule 21 factors).

The assertion that the nationwide class, the California sub-class and the Illinois sub-class in *Hong* are "unrelated" is equally wrong. First, all three classes are related in that they suffered the same harm from the unlawful taking of their face geometry scans and voiceprints. Second, the

3658729.1                                                2

nationwide class by definition includes Illinois residents who have other claims based on the theft of their private videos, user identifiers, device identifiers, and – critically – *biometrics* that are private and personally-identifiable yet may fall *outside the BIPA definition of face geometry scans and voiceprints*. The amended *Hong* complaint thus provides the superior vehicle through which Illinois residents may vindicate *all* of their privacy rights, not just those under BIPA.

Finally, the idea raised by one applicant that the Illinois residents should have separate counsel to avoid potential conflicts ignores the fact that the Hong/P.S. Group already is structured with separate counsel who represent only Illinois residents.

### III.     THE HONG/P.S. GROUP PROPERLY DECLINED THE ILLINOIS MEDIATION.

We are puzzled by the criticism that the Hong/P.S. Group (and also some of the other applicants) declined Illinois counsel's invitation to participate in a mediation arranged before the appointment of interim lead counsel and which was used as a tool in Illinois counsel's efforts to move these cases to Illinois. *See* Exhibit A. Having attended mediation in this case before any competing cases were filed, we believe the appropriate time to arrange a potential second mediation is after the appointment of interim lead counsel and a JPML determination on centralization. We remain committed to avoiding the risk of a reverse auction conducted against the background of jurisdictional obstacles in Illinois under Seventh Circuit law. *See Gullen v. Facebook.com, Inc.*, 2016 WL 245910, at *2-3 (N.D. Ill. Jan. 21, 2016); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802-03 (7th Cir. 2014).

### IV.     CONCLUSION.

The Hong/P.S. Group respectfully submits that it best satisfies Rule 23(g) because it has all the experience, knowledge and resources to successfully prosecute this case, especially in light of the substantial and distinguishing work it already has performed since early 2019, and because it is a diverse group that works well together. Given there are other experienced and talented attorneys vying for a role, such as the Weaver/Keller team, we are nonetheless open to other applicants working within the oversight of the proposed lead counsel / chairperson and the four proposed executive committee members. We defer to the Court's judgment as to the potential participation of these other firms and attorneys.

3658729.1

3

| | |
|---|---|
| DATED:  July 6, 2020 | **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.** |
| | By:  */s/ Ekwan E. Rhow*  <br> Ekwan E. Rhow <br> Attorneys for Plaintiffs Misty Hong, minor A.S., through her mother and legal guardian Laurel Slothower, and minor A.R., through her mother and legal guardian Gilda Avila |
| DATED:  July 6, 2020 | **GLANCY PRONGAY & MURRAY LLP** |
| | By:  */s/ Kara M. Wolke*  <br> Kara M. Wolke <br> Attorneys for Plaintiffs Misty Hong, minor A.S., through her mother and legal guardian Laurel Slothower, and minor A.R., through her mother and legal guardian Gilda Avila |
| DATED:  July 6, 2020 | **PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP** |
| | By:  */s/ David M. Given*  <br> David M. Given <br> Attorneys for Plaintiffs Meghan Smith, minors C.W. and I.W., through their mother and legal guardian Mikhaila Woodall, and minor R.P., through her mother and legal guardian Lynn Pavalon |
| DATED:  July 6, 2020 | **HAUSFELD LLP** |
| | By:  */s/ Megan E. Jones*  <br> Megan E. Jones <br> Attorneys for Plaintiffs minor P.S., through her legal guardian Cherise Slate, and minor M.T.W., through her legal guardian, Brenda Washington |
| DATED:  July 6, 2020 | **BURNS CHAREST LLP** |
| | By:  */s/ Amanda Klevorn*  <br> Amanda Klevorn <br> Attorneys for Plaintiffs minor P.S., through her legal guardian Cherise Slate, and minor M.T.W., through her legal guardian, Brenda Washington |

3658729.1

4

## ATTESTATION

I, Ekwan E. Rhow, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that concurrence to the filing of this document has been obtained from each signatory.

*/s/ Ekwan E. Rhow*

Ekwan E. Rhow

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Court's Electronic Mail List, and I hereby certify that I caused to be served the foregoing document via email and/or the United States Postal Service to the non-CM/ECF participants indicated on the Additional Service List.

I certify on this date of July 6, 2020 under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

*/s/ Ekwan E. Rhow*

Ekwan E. Rhow

3658729.1

5

# EXHIBIT A

BEFORE THE UNITED STATES JOINT PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION | ) ) ) ) | MDL No. 2948 |

**NORTHERN DISTRICT OF ILLINOIS PLAINTIFFS' RESPONSE** IN SUPPORT OF
TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS FOR
COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Plaintiffs[1] in five now-consolidated class actions pending in the Northern District of Illinois ("ND Ill. Plaintiffs") submit this brief in support of the Motion for Transfer and Coordination of Actions Pursuant to 28 U.S.C. § 1407, but believe that, rather than transfer to the Southern District of Illinois, all related actions should be transferred to the Northern District of Illinois for consolidated pretrial proceedings before the Honorable John Z. Lee.

I.   **INTRODUCTION**

The ND Ill. Plaintiffs are Illinois resident minors in five separate lawsuits filed in federal court in Illinois asserting Illinois-based claims on behalf of a putative class composed exclusively of other Illinois resident minors. They seek relief for Defendants TikTok, Inc.'s and ByteDance, Inc.'s (collectively, "Defendants") violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 15/1, *et seq.* Specifically, the ND Ill. Plaintiffs allege Defendants' ubiquitous smartphone application, "TikTok," scans users' facial geometry, and thereafter (without consent) captures, retains and disseminates their biometric identifiers and information in violation of BIPA.

---

[1] Plaintiffs swiftly organized their individual actions by relating them before the Honorable John Z. Lee, and agreeing to consolidation with *E.R. v. TikTok, Inc. et al*, No. 1:20-cv-2810 (N.D. Ill.) (filed May 8, 2020), the first-filed action in the Northern District of Illinois. The four other actions originally were styled as follows: *K.M. v. TikTok, Inc. et al.*, No. 1:20-cv-2883 (N.D. Ill.) (filed May 13, 2020); *D.H. v. TikTok, Inc. et al.*, No. 1:20-cv-2884 (N.D. Ill.) (filed May 13, 2020); *L.B. v. TikTok, Inc. et al.*, No: 1:20-cv-2889 (N.D. Ill.) (filed May 13, 2020); *H.S. v. ByteDance, Inc. et al.*, No. 1:20-cv-3007 (N.D. Ill.) (filed May 20, 2020) (collectively, the "ND Ill. Action").

As of the date of this filing, sixteen similar—though not identical—actions are currently pending in four different judicial districts: the Northern District of Illinois, the Southern District of Illinois, the Northern District of California, and the Central District of California (hereinafter, the "Related Actions").[2]

The ND Ill. Plaintiffs initially believed these cases could be coordinated informally to obviate any need for centralization. To that end, the ND Ill. Plaintiffs proceeded as this Panel suggested: they self-organized their actions before Judge Lee and immediately attempted to coordinate their consolidated case with all counsel for plaintiffs in the Related Actions and counsel for Defendants. During these communications, counsel for Defendants expressed an interest in pursuing mediation and the ND Ill. Plaintiffs agreed. The mediation is currently scheduled to take place on August 13, 2020 before the Honorable Layn R. Phillips (Ret.). Judge Phillips has already mediated this case once with Defendants and counsel in the *Hong* litigation (the first filed action in California). Thus, ND Ill. Plaintiffs believe that a second mediation with the same judge allows the parties to capitalize on these prior efforts.

Recognizing their fiduciary duty to explore the possibility of settlement for the class, counsel for the ND Ill. Plaintiffs *immediately notified all plaintiffs' counsel and invited them to participate in mediation*. Plaintiffs' counsel in actions pending in the Southern District of Illinois and Central District of California agreed to coordinate with the ND Ill. Plaintiffs and participate in mediation.[3] Counsel for plaintiffs in some of the Northern District of California cases have also

---

[2] All actions, except one action filed in the Central District of California, allege BIPA violations. That action is based on violations of California law.

[3] At the time of these discussions, only one action was pending in the Central District of California, *G.R. v. TikTok, Inc. et al.*, No. 2:20-cv-4357 (C.D. Cal.) (filed May 20, 2020), and counsel in this matter agreed to attend mediation. ND Ill. Plaintiffs' counsel just learned of a new filing in the Central District of California, captioned *C.H. v. TikTok, Inc. et al.*, No. 2:20-cv-

agreed to participate, although plaintiffs' counsel in the *Hong* matter has declined. Because of this unfortunate lack of complete unanimity, transfer and centralization pursuant to 28 U.S.C. § 1407 not only is appropriate, but necessary.

In light of all the facts, the Northern District of Illinois is the most appropriate transferee forum. As detailed below, the plaintiffs in all but *one* Related Action include Illinois residents under the age of 18, all of whom would be greatly inconvenienced if required to litigate their claims in California federal court, which they bring almost exclusively on behalf of an *Illinois* class for violations of an *Illinois* statute. Nor would transfer to the Northern District of Illinois inconvenience Defendants, who have agreed to centralization in the Northern District of Illinois if the Panel so chooses. When these factors are considered alongside the Northern District of Illinois' geographically central location, favorable caseload and nexus to this action, there can be no doubt that centralization and coordination in the Northern District of Illinois will best further Section 1407's twin objectives: promoting convenience and the efficient prosecution of all cases.

## II. BACKGROUND

### A. The TikTok App

Defendants operate TikTok, a widely popular video-sharing social media application. TikTok is especially popular with teenagers and young adults. The app permits users to create and share short videos, and to use filters and other effects therein. To utilize many of the effects, Defendants scan users' faces and "face geometries" to, *inter alia*, superimpose stickers on users' faces, enhance aspects of their facial features, or swap the user's face for an emoji or another individual's face. Defendants also scan users' faces to determine the user's age using an algorithm.

---

5036 (C.D. Cal.), and have not yet had the opportunity to communicate with counsel in that matter.

3

## IV. CONCLUSION

For the foregoing reasons, the ND. Ill. Plaintiffs respectfully request that the Panel transfer the Related Actions to the Northern District of Illinois for coordinated pretrial proceedings.

Respectfully submitted,

Date: June 9, 2020

**CARLSON LYNCH LLP**

*/s/ Katrina Carroll*
Katrina Carroll
*kcarroll@carlsonlynch.com*
Kyle A. Shamberg
*kshamberg@ carlsonlynch.com*
Nicholas R. Lange
*nlange@carlsonlynch.com*
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265

**Plaintiff's Counsel in E.R. v. TikTok, Inc., No. 1:20-cv-2810 (N.D. Ill.)**

Douglas A. Millen
Brian M. Hogan
FREED KANNER LONDON &
   MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, Illinois 60015
Tel.: (224) 632-4500
Fax: (224) 632-4521
dmillen@fklmlaw.com
bhogan@fklmlaw.com

Jonathan M. Jagher
Kimberly A. Justice
FREED KANNER LONDON &
   MILLEN LLC
923 Fayette St.
Conshohocken, PA 19428
Tel.: (610) 234-6487
Fax: (224) 632-4521
jjagher@fklmlaw.com
kjustice@fklmlaw.com

**Plaintiffs' Counsel in *D.H. v. TikTok, Inc.*, No. 1:20-cv-2884 (N.D. Ill.)**

14

Jennifer W. Sprengel
Daniel O. Herrera
Nickolas J. Hagman
CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP
150 S. Wacker, Suite 3000
Chicago, Illinois 60606
Telephone: 312-782-4880
Facsimile: 318-782-4485
jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
nhagman@caffertyclobes.com

**Plaintiffs' Counsel in *L.B. v. TikTok, Inc., et al.*, No. 1:20-cv-2889 (N.D. Ill.)**

Joseph G. Sauder
Joseph B. Kenney
SAUDER SCHELKOPF LLC
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0580
Fax: (610) 421-1326
jgs@sstriallawyers.com
jbk@sstriallawyers.com

Richard R. Gordon
Gordon Law Offices, Ltd.
111 West Washington Street
Suite 1240
Chicago, Illinois 60602
Tel: (312) 332-5200
Fax: (312) 242-4966
rrg@gordonlawchicago.com

**Plaintiffs' Counsel in *Marks v. TikTok, Inc.*, No. 1:20-cv-2883 (N.D. Ill.)**

James B. Zouras
Ryan F. Stephan
Andrew C. Ficzko
Megan E. Shannon
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza,
Suite 2150

15

Chicago, Illinois 60606
312.233.1550
312.233.1560 f
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aficzko@stephanzouras.com
mshannon@stephanzouras.com

Erik H. Langeland
733 Third Avenue, 15th Floor
New York, N.Y. 10017
(212) 354-6270
elangeland@langelandlaw.com

Jon A. Tostrud
TOSTRUD LAW GROUP, P.C.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 278-2600
jtostrud@tostrudlaw.com

**Plaintiffs' Counsel in *H.S. v. Bytedance, Inc. et al.*, No. 1:20-cv-3007 (N.D. Ill.)**