1
2
3
4
5
6

Ekwan E. Rhow - State Bar No. 174604
Dorothy Wolpert - State Bar No. 73213
Thomas R. Freeman - State Bar No. 135392
Marc E. Masters - State Bar No. 208375
**BIRD, MARELLA, BOXER, WOLPERT,
NESSIM, DROOKS, LINCENBERG
& RHOW, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Email: mmasters@birdmarella.com

Kara M. Wolke – State Bar No. 241521
Marc L. Godino – State Bar No. 182689
Jonathan M. Rotter – State Bar No. 234137
Pavithra Rajesh – State Bar No. 323055
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California  90067-2561
Telephone: (310) 201-9150
Email: info@glancylaw.com

7
8
9
10
11

David M. Given – State Bar No. 142375
Nicholas A. Carlin – State Bar No. 112532
Brian S. Conlon – State Bar No. 303456
**PHILLIPS, ERLEWINE, GIVEN
& CARLIN LLP**
39 Mesa Street, Suite 201, The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900
Email: dmg@phillaw.com

Megan E. Jones – State Bar No. 296274
Seth R. Gassman – State Bar No. 311702
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908
Email: mjones@hausfeld.com

12
13
14
15
16

Korey A. Nelson
Amanda K. Klevorn
Patrick Murphree
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, Louisiana 70115
Telephone: (504) 779-2845
Email: aklevorn@burnscharest.com

17

**UNITED STATES DISTRICT COURT**

18

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

19
20
21
22
23
24
25
26
27
28

IN RE TIKTOK, INC. PRIVACY
LITIGATION

CASE NO. 5:19-cv-07792-LHK

Hon. Lucy H. Koh

[Consolidated with 5:20-cv-02992; 5:20-cv-03185; 5:20-cv-03212; 5:20-cv-03294; 5:20-cv-03390; 4:20-cv-03555; 3:20-cv-03795]

**REPLY IN SUPPORT OF JOINT
MOTION PURSUANT TO RULE 23(g)
FOR APPOINTMENT OF INTERIM
LEAD COUNSEL AND PLAINTIFFS'
EXECUTIVE COMMITTEE**

Date:  July 23, 2020
Time:  1:30 p.m.
Ctrm:  8

3659697.1

I.    **THE OTHER APPLICANTS DO NOT SERIOUSLY DISPUTE THAT THE HONG/P.S. GROUP BEST SATISFIES RULE 23(g).**

The other applicants, while impressive, do not contest that the Hong/P.S. Group has done the most *work* to identify, investigate, and litigate the claims by: (1) initiating their work a year earlier than the others, (2) using the broadest array of experts and investigators, (3) conducting a mediation (which included a BIPA claim) before any other suits were filed, and (4) engaging in discovery. The other applicants also do not dispute that the Hong/P.S. Group filed the only complaint that includes conduct and defendants in China, and that such conduct and defendants are crucial to establishing liability, making the victims whole, and preventing future privacy abuses. No other applicants question that the Hong/P.S. Group's work resulted in the widest range of claims protecting the most victims from defendants' privacy invasions, rather than focusing just on BIPA violations against minors in Illinois. And the other applicants do not challenge that the Hong/P.S. Group filed the first BIPA case, and the only BIPA claim against the China-based defendants, with numerous technical allegations entirely absent from other applicants' complaints.

While each applicant is experienced and talented, none claim to offer as strong a combination of *experience*, *knowledge*, *resources* and *diversity* as the Hong/P.S. Group, which consists of award winning trial lawyers with (1) class action trial experience, (2) deep familiarity with China and Asia, and (3) substantial data privacy experience. Nor do any other applicants dispute that the Hong/P.S. Group is the only one with lawyers who have both prosecuted and defended class actions; the only one with lawyers who have litigated patent and source code issues; and the team with the most substantial combination of financial and human resources.

II.   **THE MINOR CRITIQUES DIRECTED AT THE HONG/P.S. GROUP ACTUALLY HIGHLIGHT ITS ADVANTAGES.**

The various comments targeting the Hong/P.S. Group underscore its core strengths. The suggestion that the Hong/P.S. Group lacks experience litigating class actions against China-based companies? Kara Wolke's declaration confirms her superior experience litigating a class action against a China-based company and obtaining a far greater settlement than the one the other applicant touts. Relatedly, Ekwan Rhow's declaration demonstrates extensive experience with the Chinese government and China-based companies, and Megan Jones's declaration highlights the

unanimous Supreme Court decision (following a trial verdict) that her firm obtained against China-based defendants. The comment that the Hong/P.S. Group lacks Chinese language speakers? Mr. Rhow's declaration discusses two of our Chinese-speaking lawyers, including one who already has worked on the *Hong* case. The critique that the Hong/P.S. Group lacks BIPA experience? Ms. Jones's declaration disproves that. Every positive attribute possessed by the other applicants is likewise held by the Hong/P.S. Group – and often in greater abundance.

Without a Rule 23(g) basis to challenge the Hong/P.S. Group, one applicant asserts that we are uncooperative. Not so. We are the only five-firm team formed in the spirit of cooperation to use our complimentary skills, knowledge and experience to promote efficiency and excellence, and we are happy to work with anyone the Court may appoint. We tried to coordinate the transfer of the Illinois cases to N.D. California, but Illinois counsel refused. The same applicant complains we declined a mediation subsequently scheduled by the Illinois counsel who filed later BIPA claims and who have been appointed *temporary* interim lead counsel in N.D. Illinois solely for the MDL. But counsel in at least five of the eight N.D. Cal. cases have declined mediation prior to resolution of leadership and venue, which places the Hong/P.S. Group in the *majority* and this applicant in the minority. We declined the mediation to *protect the class* from a reverse auction established to serve Illinois counsel's attempt to move all the cases to Illinois despite jurisdictional barriers in Illinois that place those cases in a poor bargaining position. *See* Doc. No. 73. The same applicant oddly criticizes *Hong* counsel for moving to intervene in the Illinois cases (1) to *protect the Illinois class* from a reverse auction and jurisdictional risks (defendants declined *our* invitation to waive personal jurisdiction in Illinois) and (2) to promote *judicial efficiency* by seeking transfer to this district where jurisdiction is clear. Even in denying intervention, the Southern District of Illinois still recognized a potential jurisdictional problem in Illinois, but opined that California federal courts are not as competent to oversee BIPA litigation. It is perplexing why the applicant touts the S.D. Illinois opinion, which ignores N.D. California's considerable BIPA experience and which S.D. Illinois counsel are using in the MDL to try to move the cases there.

**CONCLUSION**: We respectfully submit that our team best satisfies Rule 23(g) and, if selected, we defer to the Court as to whether other well qualified applicants should participate.

1

DATED:  July 10, 2020

2

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

By:  _____/s/ Ekwan E. Rhow_____

3

Ekwan E. Rhow

4

Attorneys for Plaintiffs Misty Hong, minor A.S., through her mother and legal guardian Laurel Slothower, and minor A.R., through her mother and legal guardian Gilda Avila

5

6

DATED:  July 10, 2020

7

GLANCY PRONGAY & MURRAY LLP

8

By:  _____/s/ Kara M. Wolke_____

Kara M. Wolke

9

Attorneys for Plaintiffs Misty Hong, minor A.S., through her mother and legal guardian Laurel Slothower, and minor A.R., through her mother and legal guardian Gilda Avila

10

11

12

DATED:  July 10, 2020

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP

13

By:  _____/s/ David M. Given_____

David M. Given

14

Attorneys for Plaintiffs Meghan Smith, minors C.W. and I.W., through their mother and legal guardian Mikhaila Woodall, and minor R.P., through her mother and legal guardian Lynn Pavalon

15

16

17

18

DATED:  July 10, 2020

HAUSFELD LLP

19

By:  _____/s/ Megan E. Jones_____

Megan E. Jones

20

Attorneys for Plaintiffs minor P.S., through her legal guardian Cherise Slate, and minor M.T.W., through her legal guardian, Brenda Washington

21

22

DATED:  July 10, 2020

BURNS CHAREST LLP

23

24

By:  _____/s/ Amanda Klevorn_____

Amanda Klevorn

25

Attorneys for Plaintiffs minor P.S., through her legal guardian Cherise Slate, and minor M.T.W., through her legal guardian, Brenda Washington

26

27

28

3659697.1

1

## **ATTESTATION**

2      I, Ekwan E. Rhow, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that

3  concurrence to the filing of this document has been obtained from each signatory.

4

5                         */s/ Ekwan E. Rhow*

6                         Ekwan E. Rhow

7

8

9

## **CERTIFICATE OF SERVICE**

10      I hereby certify that on July 10, 2020, I authorized the electronic filing of the foregoing

11  with the Clerk of the Court using the CM/ECF system which will send notification of such filing

12  to the email addresses denoted on the Court's Electronic Mail List, and I hereby certify that I

13  caused to be served the foregoing document via email and/or the United States Postal Service to

14  the non-CM/ECF participants indicated on the Additional Service List.

15      I certify on this date of July 10, 2020 under penalty of perjury under the laws of the United

16  States of America and the State of California that the foregoing is true and correct.

17

18                         */s/ Ekwan E. Rhow*

19                         Ekwan E. Rhow

20

21

22

23

24

25

26

27

28